IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
                              )
VINCENT STROUSE,              )
                              )
            Plaintiff         )
                              )
      vs.                     )
                              )   Civil Action No. 05-08J
MAJOR MICHAEL BARONE,         )
LT. HORTON, SGT. SEYMORE,     )
C.O. GUELICH, and C.O. THAL,  )   Judge Kim R. Gibson/
                              )   Magistrate Judge Amy Reynolds Hay
            Defendants        )
                              )   Re:  Doc. 37
```

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss be granted in part.  It should be granted as to Defendants Seymore and Guelich.  Otherwise, it should be denied as to the remaining Defendants.

### II. REPORT

Vincent Strouse ("Plaintiff") was a prisoner in the State Correctional Institution at Houtzdale ("SCI-Houtzdale"). Plaintiff has sued five defendants, all of whom work at SCI-Houtzdale.  Plaintiff sues them for an alleged failure to protect him from an attack by his cell mate.   Defendants have filed a motion to dismiss, which seeks dismissal of the complaint, against, inter alia, Defendants Seymore and Guelich based on Plaintiff's failure to exhaust administrative remedies against them.  Because Plaintiff failed to name these two defendants in his grievances, he has failed to exhaust his administrative

remedies.  Because he can no longer exhaust, he has procedurally defaulted his claims against them and they must be dismissed as party defendants.

### A.  Relevant Facts and Procedural History

Plaintiff, proceeding *pro se* and *in forma pauperis*, initially filed a Section 1983 complaint against numerous defendants and included multiple claims.  Doc. 5.  Subsequently, Plaintiff filed an amended complaint, which dropped several defendants and all but one claim, i.e., an Eighth Amendment claim of failure to protect which he alleged against the above-captioned five Defendants.  (Doc. 43).  Presently before the Court is the Defendants Motion to Dismiss (Doc. 37).[1]

### B.  Applicable Legal Standards

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must, as a general rule, be taken as true.  See Estelle v. Gamble, 429 U.S. 97 (1976).  In addition to the complaint, courts may consider matters of public record and other

---

[1]  At Docket No. 35, Plaintiff filed what the Clerk's Office docketed as a response to the Defendants' first motion to dismiss.  However, attached to that response was Plaintiff's amended complaint.  Only subsequently did the Clerk's Office docket the amended complaint (that was attached to Doc. No. 35) as Doc. No. 43.  Hence, this explains the oddity of why Doc. 43, the amended complaint, has a higher docket number than, and so appears to be docketed after Doc. 37, the Defendant's Motion to Dismiss that amended complaint.

matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when disposing of a motion to dismiss under Rule 12(b)(6).  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Barber v. Grow, 929 F.Supp. 820, 822 (E.D. Pa. 1996).

Furthermore, because Plaintiff is *pro se*, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

Dismissal is proper under Rule 12(b)(6) where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000). Although as a general rule, a court must accept the allegations of the complaint as true for purposes of evaluating a Rule 12(b)(6) motion to dismiss, the court need not accept allegations in the complaint as true where they are contradicted by the documents attached to the complaint.  Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998)("we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); Rozsa v. May Davis Group, Inc., 187 F.Supp.2d 123, 128-29 (S.D.N.Y. 2002) ("When

allegations contained within the complaint are contradicted by documents attached to the complaint, the documents control, and the Court need not accept the allegations contained within the complaint as true.").

### C. Discussion

#### 1. The allegations of the Amended Complaint

Plaintiff claims that on October 1, 2003, he was attacked in his cell by his cell mate. Doc. 43 at ¶ 9. At the time, Plaintiff and his cell mate were housed in the Restricted Housing Unit ("RHU"). Plaintiff alleges that each of the Defendants could have prevented the attack but failed to do so. He alleges that Defendant Seymore was the Sergeant in charge of the RHU, at the time of the attack and was responsible for the overall running of the RHU and the security of the inmates and staff in the RHU. Doc. 43 at ¶ 6. Plaintiff also alleges that Defendant Guelich was a Correctional officer in the RHU and was responsible for the security of the staff and inmates in the RHU. Doc. 43 at ¶ 7.

Plaintiff alleges that his cell mate was unstable and that he had several misconducts due to his psychological instability, having written banks threatening to blow them up if they did not send him money, and that the cell mate had threatened to kill any inmate placed in his cell. Doc. 43 at ¶¶ 12-13. Plaintiff further avers that all of the defendants knew of the cell mate's

alleged instability and the threat he posed to other inmates, and notwithstanding this knowledge they either placed Plaintiff in the cell with the cell mate or they failed to removed Plaintiff from the cell.

      2.   <u>No Exhaustion of Remedies as to Seymore and Guelish</u>

Defendants point out that Plaintiff failed to exhaust his administrative remedies with respect to Defendants Seymore and Guelich because he failed to name them in the grievances that he filed. Doc. 38 at 7. This court agrees.

Pursuant to 42 U.S.C. § 1997(e)(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The pertinent DOC policy establishing what administrative remedies are available to prisoners in DOC institutions was promulgated in DC-ADM 804, which provides a three-step process: filing an initial grievance followed by two appeals. <u>Booth v. Chruner</u>, 206 F.3d 289, 292 n. 2 (3d Cir. 2000), <u>aff'd</u>, 532 U.S. 731 (2001). In order for a prisoner-plaintiff to exhaust his administrative remedies within the meaning of Section 1997e(a), he must utilize all three levels of the DOC grievance system. <u>Id.</u> at 292-93.

Instantly, as evidenced by the documents attached to the Plaintiff's own Amended Complaint, Plaintiff did not mention

Defendants Seymore and Guelich in the first level grievances or in subsequent appeals.  See Doc. 43 at unn. pp. 11, 13-14, 16, 18, 20-21, 23-24.  Because he failed to name Defendants Seymore or Guelich in any of the grievances that Plaintiff filed surrounding this incident, Plaintiff has failed to exhaust his administrative remedies as to these two Defendants.

Moreover, because the time for filing any grievances against Defendants Seymore and Guelich has long passed,[2] the failure to exhaust his administrative remedies must be treated as a procedural default.  See, e.g., Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004)(declaring that failure to abide by DOC's internal grievance procedures may result in procedurally defaulting a civil rights claim in federal court, reasoning that "[w]e believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. . . . Congress wanted to erect any barrier it could to suits by prisoners in federal court, and a

---

[2]   DOC policy establishes that "grievances must be submitted by the inmate for Initial Review to the Facility Grievance Coordinator within 15 working days after the event upon which the claim is based."  DC-ADM 804 § VI.A.8 (available at the DOC website).  It appears that this has been the policy since at least 1994 up to and including the present.  See Davis v. Warman, 49 Fed.Appx. 365 (3d Cir. 2002)("See Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI.B.2. (Oct. 20, 1994) ('Grievances must be submitted for initial review ... within fifteen (15) days after the events upon which the claims are based.')").

procedural default rule surely reduces caseloads (even though it may be a blunt instrument for doing so)").

In <u>Spruill</u>, the Court of Appeals was confronted with a situation where, although the prisoner had filed a grievance, the grievance failed to mention one of the people whom the prisoner subsequently named as a defendant in a civil rights action based on the same events as the grievance.   The Court held that because the grievance did not mention the particular individual by the name of Brown, the prisoner-plaintiff had procedurally defaulted his claims against Brown.   In like manner, Plaintiff did not mention either Seymore or Guelich in his initial grievances nor in appeals thereafter.   Because Plaintiff cannot now go back and file a grievance against them, he has procedurally defaulted his claims against Defendants Seymore and Guelich.   Accordingly, the motion to dismiss should be granted as to them.

Plaintiff raises only one argument in trying to distinguish <u>Spruill</u>.   He argues that he "could not raise the issue that the defendants named above [including Seymore and Guelich] failed to protect him because of the threats Inmate Russell made against any future cell-mates due to plaintiff's ignorance of the fact." Doc. 43 at ¶ 30.   Essentially, Plaintiff is arguing that at the time of the filing of the grievances, Plaintiff "wasn't aware that Inmate Russell stated to staff members that he would kill

any inmate placed in his cell." Doc. 43 at ¶ 25. Hence, Plaintiff contends that it was not "practicable" to name Defendants Seymore and Guelich. Doc. 43 at ¶ 34.

Plaintiff's argument proceeds as if he were suing the Defendants, especially Seymore and Guelich, for their failure to protect him based solely on the fact that Inmate Russell had said to unnamed staff members that he would kill any cell mates and that the Defendants were aware that Inmate Russell made such statements to the staff members. However, this is not the claim he makes in his Amended Complaint. There he asserts that the Defendants knew of Inmate Russell's unstableness, his several misconducts due to his unstableness, his severe psychological problems, his writing to banks to blow them up in addition to the allegation that the Defendants were aware of Inmate Russell's statements to staff that he would kill any cell mates. These claims, other than the allegation concerning Inmate Russell's alleged statements of intent to kill, are almost identical to the claims made in his two grievances. <u>Compare</u> Doc. 43 at ¶¶ 20-23 <u>with</u> Doc. 43 at unn. p. 18 ("R.H.U. Prison officials . . . knew Russell DQ-1976 was a mentally ill and dangerous man. But they took him out of a single cell and put him in my cell."). That Plaintiff was unaware of one single fact, i.e., that Inmate Russell had told RHU staff that he would kill any cell mate and that the Defendants knew Russell said this, does not distinguish

Spruill from this case.  In his grievances, Plaintiff was making a claim for failure to protect him and he is repeating that claim in the present suit; he knew enough at the time of filing the grievances to make a claim that the RHU staff was aware that Russell was dangerous and that they failed to protect him. Plaintiff knew that Defendants Seymore and Guelich were part of the RHU staff, but nevertheless failed to name them.  Given this, it was not "impracticable" to name these defendants within the contemplation of Spruill.  Hence, his claims against Defendants Seymore and Guelich should be dismissed.

        3.  Respondeat Superior

     Defendants argue that Plaintiff has failed to allege the personal involvement of the Defendants and seeks to hold them liable only for their supervisory roles, or, in other words, based on the *respondeat superior* doctrine.

     The general rule in Section 1983 cases, such as this one, is that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Hence, the only way a defendant can be liable under Section 1983 is based upon facts showing that the defendant was personally involved in depriving the civil rights of the plaintiff, i.e., personally engaged in wrongdoing.  However, contrary to Defendants'

contentions, a reading of the Amended Complaint makes clear that Plaintiff is not seeking to hold the Defendants liable based merely on their relationship to underlings who engaged in wrongdoing.  Rather, he seeks to hold them liable for their own wrongdoing, to wit, that they knew that Plaintiff was celled with Inmate Russell who posed a substantial risk of serious harm to cellmates and that they failed to act to protect Plaintiff, or that they acted with deliberate indifference to Plaintiff's safety.[3]   This is sufficient at this stage of the case.

Defendants' citation to <u>Jones v. Beard</u>, 145 Fed.Appx. 743 (3d Cir. 2005) is unpersuasive at this stage because <u>Jones v. Beard</u> addressed a summary judgment motion, wherein discovery was had and the plaintiff had an opportunity to collect evidence to support his claims but the Court simply found the evidence adduced by the plaintiff therein insufficient to raise a genuine issue of material fact concerning the failure to protect claim. In contrast herein, we are addressing a motion to dismiss and,

---

[3]   Defendants argue that "Strouse's allegations against the DOC Defendants are based solely on their respective roles in the SCI-Houtzdale RHU."  Doc. 38 at 7.  Defendants go on to argue that this means he is seeking to hold them liable solely for their functions in supervising the RHU and so, solely based upon "supervisory liability."  The confusion in the Defendants' argument is that although Plaintiff seeks to hold them liable for their failures to do their jobs, i.e., protect him from known risks, and their jobs are to supervise the RHU or RHU inmates, Plaintiff is not thereby seeking to hold them liable based merely on respondeat superior or "supervisory liability" but on their very own alleged failures/wrongdoing.

contrary to Defendants' suggestion that Plaintiff must allege DOC "defendants knew that Inmate Russell was going to attack him," Doc. 38 at 6-7, a plaintiff's complaint need not plead every fact required to make out a prima facie case in order to withstand a motion to dismiss. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002)("under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"); Nix v. Welch & White, P.A., 55 Fed.Appx. 71, 72 (3d Cir. 2003)("a complaint generally need not allege every element of a plaintiff's claim"). Accordingly, Defendants' argument based on responsdeat superior is not persuasive.

      4.   Fed.R.Civ.P. 15

Defendants also argue that Plaintiff's Amended Complaint violates Fed.R.Civ.P. 15. Fed.R.Civ.P. 15(a) provides in relevant part that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.]" Defendants argue that because they filed a motion to dismiss after Plaintiff filed his original complaint, Plaintiff was not permitted to file his Amended Complaint without permission of the Court. This is not correct.

As Plaintiff points out, Fed.R.Civ.P. 15 only requires a plaintiff to obtain the court's permission to file a first amended complaint after a "responsive pleading" has been filed by the Defendants. Plaintiff correctly contends that a motion to

dismiss is not a "responsive pleading" within the meaning of rule
15(a).  <u>Doe v. U.S.</u>, 58 F.3d 494, 497 (9th Cir. 1995) ("A motion
to dismiss is not a 'responsive pleading' within the meaning of
the Rule.  Neither the filing nor granting of such a motion
before answer terminates the right to amend.").  <u>Accord</u>
<u>Centifanti v. Nix</u>, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989).
Hence, Plaintiff was not required to obtain leave of court in
order to file his Amended Complaint.  Accordingly, Fed.R.Civ.P.
15(a) does not provide a basis for dismissal.

III. <u>CONCLUSION</u>

   In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are
allowed ten (10) days from the date of service to file written
objections to this report.  Any party opposing the objections
shall have seven (7) days from the date of service of the
objections to respond thereto.  Failure to timely file objections
may constitute a waiver of any appellate rights.

                              Respectfully submitted,

                              /s/ Amy Reynolds Hay
                              AMY REYNOLDS HAY
                              United States Magistrate Judge


Dated:   24 August, 2006

cc:  The Honorable Kim R. Gibson
     United States District Judge

     Vincent Strouse
     EM-9339

                              12

SCI Chester
500 E. 4th Street
Chester, PA 15219

Mariah Passarelli
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219