IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT STROUSE,<br>     Plaintiff<br><br> vs.<br><br>MAJOR MICHAEL BARONE, Security Major at SCI Houtzdale, sued in his individual and official capacities; LT. HORTON, Lieutenant at SCI Houtzdale, sued in his individual and official capacities;  C.O. THAL, Correctional Officer at SCI Houtzdale, sued in his individual capacity; FRANCIS SHUSTER, Chief Psychologist at SCI Houtzdale, sued in his individual  capacity; MRS. KNAPP, Psychologist at SCI Houtzdale, sued in her individual capacity;<br>     Defendants | Civil Action No. 05-8J<br><br>Magistrate Judge Amy Reynolds Hay |

**MEMORANDUM and ORDER**

  The plaintiff, Vincent Strouse, presented a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983, asserting an Eighth Amendment failure to protect claim.  Specifically, the plaintiff alleged that his cell mate stabbed him with the stem from a pair of eyeglasses and that the defendants were aware of the cell mate's instability prior to this attack yet took no steps to protect the plaintiff.

  On October 26, 2006, this Court issued a case management order, setting discovery deadlines and directing plaintiff to file his pretrial narrative statement by February 12, 2007.  When the plaintiff failed to file his statement, the court issued a rule to show cause returnable by April 24, 2007.  To date, plaintiff has failed to respond to either Order.

  It is clear that the punitive dismissal of an action for failure to comply with court

orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.
(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
(3) A history of dilatoriness.
(4) Whether the conduct of the party or the attorney was willful or in bad faith.
(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action is properly dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders.  The filing of his pretrial and responding to the Court's orders were solely Plaintiff's personal responsibility and  his failure to so act even several months later appears to be willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to defendants other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  By his failure to respond to the Court's prior orders, it appears that the plaintiff

has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take since no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT STROUSE,<br>    Plaintiff<br><br> vs.<br><br>MAJOR MICHAEL BARONE, Security Major at SCI Houtzdale, sued in his individual and official capacities; LT. HORTON, Lieutenant at SCI Houtzdale, sued in his individual and official capacities;  C.O. THAL, Correctional Officer at SCI Houtzdale, sued in his individual capacity; FRANCIS SHUSTER, Chief Psychologist at SCI Houtzdale, sued in his individual  capacity; MRS. KNAPP, Psychologist at SCI Houtzdale, sued in her individual capacity;<br>    Defendants | Civil Action No. 05-8J<br><br>Magistrate Judge Amy Reynolds Hay |

## **ORDER**

_____AND NOW, this 7th day of May, 2007, for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED that the above-captioned case is hereby DISMISSED upon the plaintiff's failure to prosecute and the Clerk shall mark the case CLOSED.

                      /s/ *Amy Reynolds Hay*
_____United States Magistrate Judge

cc: Vincent Strouse
   EM-9339
   SCI Chester
   500 E. 4th Street
   Chester, PA 15219

   Mariah Passarelli, Esquire by Notice of Electronic Filing